ELIZABETH COWEN, ET AL. v. EQUITABLE LIFE ASSURANCE SOCIETY.

Decided December 14, 1904.

**1.—Insurance Policy—Place of Contract—Law of Another State.**

The application for insurance having been made and the policy delivered in Texas, and neither referring to the statute of the state chartering the company requiring notice to be given in writing of premiums about to become due, such statute does not affect a suit upon the policy.

**2.—Life Insurance—Notice of Premiums Falling Due.**

Notice of an annual premium about to become due on a policy of life insurance mailed to the insured and addressed "Adam B. Cowen" instead of "Adam Bird Cowen" was a compliance with a statute requiring such notice, if not .appearing that there was any other person in the city by that or a similar name.

**3.—Application for Insurance—Address—Evidence.**

Upon the question whether the notice of premiums falling due was sent to the address given in the application for insurance, the court properly excluded a deposition of the agent taking the application based on memoranda, stating that the applicant included his street number in the address, and refused to submit the issue to the jury, it appearing from the original application that the city, county and state were given but no street number, and the agent, on seeing the original signed by himself, so testifying.

**4.—Failure to Pay Premiums—Waiver—Notice.**

Though an insurance company fail to give the required notice of premiums falling due, such failure would not amount to a waiver of such premium, but at most would indicate that the company would allow a reasonable time after it fell due in which insured could pay, but where payment had been repeatedly demanded of him and he died without paying or tendering it, the policy could not be enforced.

**5.—Premiums Due—Extension of Time—Evidence—Custom.**

Evidence that it was the custom of defendant, upon request of insured, to grant thirty days extension of time in which the premium due might be paid was properly excluded, it not appearing that extension of time was asked for by plaintiff.

ON MOTION FOR REHEARING.

**6.—Pleading—Reformation of Instrument.**

An application for life insurance will not be reformed to conform to plaintiff's pleading in the matter of the address of the applicant, no fraud on the part of the agent taking the application being alleged and no excuse for plaintiff's failure to read and understand the application being assigned.

**7.—Contract of Insurance—Lex Loci.**

A sixty day note for the first premium being forwarded with the·application for insurance from this state to the domicile of the company in another where it was accepted and the policy sent back to the agent here and delivered, with no condition as to payment of the note, the policy was a Texas contract.

Appeal from the District Court of Bexar.    Tried below before Hon. Edward Dwyer.

*Bascom Bell* and *I. B. Henyan,* for appellant.—1.    The court erred in admitting in evidence the testimony by deposition of Anthony J. Mc-Cadden, and others, showing that the defendant mailed written notices of premium coming due to "Adam B. Cowan, San Antonio, Texas," for this, that such notice was not directed to the name of the insured, nor to his last known postoffice address, with street and number, as he had requested and directed the agent of the defendant to do.

2.    Joyce on Insurance, 1323, 1328, 1329, 1336, 1337; Waterworth v. American O. of D. (Mass.), 42 N. E. Rep., 106; Maloy v. Supreme Council, 61 N. W. Rep., 928; Phelan v. N. W. Life Ins. Co. (N. Y.), 20 N. E. Rep., 827; Gorbut v. Citizens L. & E. Assc., 51 N. W. Rep., 148; Courtney v. Masonic Assc., 53 N. W. Rep., 238; Baxter v. Insurance Co., 23 N. E. Rep., 1048.

3.    A waiver of the right of forfeiture will be inferred from slight evidence, and the proposed testimony of the witness Miller was material to show a course of dealing by the company calculated to induce the belief in the mind of the insured that prompt payment was not exacted.    Bacon's Life Insurance, sec. 367; 2 Joyce on Insurance, secs. 1353, 1356, 1379; McCorkle's Case, 71 Texas, 149; Insurance Co. v. Ross, 42 N. E. Rep., 859.

4.    After appellant's prima facie case had been assailed by evidence of mailing the statutory notice so as to claim a forfeiture of the policy, appellants were entitled to show in rebuttal that, notwithstanding such notice, the company had waived its right of forfeiture.    Baxter v. Brooklyn Life Ins. Co., 119 N. Y. 450, 23 N. E. Rep., 1048; Phelan v. N. W. Mutual Life Ins. Co., 20 N. E. Rep., 827; Carter v. The Brooklyn Life Ins. Co., 110 N. Y. 15; 17 N. E. Rep., 396.

*Ogden & Brooks,* for appellee.—1.    The validity of the policy must depend upon the statement in the written application, regardless of the oral communication made to the soliciting agent; and the insured Adam Bird Cowen, having signed and forwarded to the company the application which stated that his place of business was simply San Antonio, Texas, and in which was a request that notices of premiums coming due be sent to that address, it was admissible to prove oral statement claimed to have been made to the soliciting agent at the time the application was given attempting to show that at that time Cowen directed the soliciting agent to have his premiums sent to a different place.    Life Assn. v. Harris, 94 Texas, 25; Fitzmaurice v. Insurance Co., 84 Texas, 61; Insurance Co. v. Fletcher, 117 U. S., 530.

2.    The policy sued on was governed by the laws of the State of Texas, and the New York statute plead by the plaintiff had no application, and it was not necessary for the appellee to show compliance with said statute.    Metropolitan Ins. Co. v. Bradley, 11 Texas Ct. Rep., 228; Insurance Co. v. Cohen, 179 U. S. 262; Insurance Co. v. Hill, 193 U. S., 551.

JAMES, CHIEF JUSTICE.—The action is upon a policy of life insur-

ance for $1,000 and for the statutory penalty for the non-payment thereof and for reasonable attorneys' fees.

The testimony shows a policy dated December 31, 1891, on the life of Adam Bird Cowen in the sum of $1,000 payable to Elizabeth Cowen, his wife, at the office of the society in New York City upon satisfactory proof of his death, "in consideration of the written and printed application for this policy which is hereby made a part of this contract and of the payment in advance of $22.10 and of the annual payment of $22.10 to be made hereafter at the office of the society in the City of New York, on or before the 28th day of December in every year during the continuance of this contract."

The material portion of the application is section 2: "Full name of the person whose life is to be assured. (Ans.) Adam Bird Cowen. Occupation, state it in detail, if mercantile state if it involves traveling as a buyer or seller. (Ans.) Tailor. Residence, Town—San Antonio, County—Bexar, State—Texas, Place of business—San Antonio. Shall notices of premiums coming due be addressed to the last named person at place of business as stated? Yes. The 'place of business,' if not specially given, will be assumed to be the same as 'Residence.' "

The second annual payment which fell due on December 28, 1892, was not paid.

D. Sullivan & Co., the collecting agents of appellee, had one of their employes call on the insured a number of times between December 28, and January 18, following, to collect this premium. Cowen died on the morning of January 19, 1893, without the premium being collected. After the death his brother-in-law attempted to pay it, but it was not accepted.

On November 16, 1892, appellee mailed from New York, a notice of the premium coming due, addressed to Adam B. Cowen, San Antonio, Texas. The above facts are undisputed. The court directed the jury to find for the defendant.

There were also in evidence sections 1 and 2 of the New York statute in force at that time regulating forfeiture of life insurance policies, which provided that no life insurance company shall have power to forfeit a policy unless a notice in writing, stating the amount of annual premiums due, and when due on such policy, and the place where said premium may be paid, shall have been only addressed to the insured, postage paid, at his or her last known postoffice address, not less than thirty, nor more than sixty days before such payment becomes due according to the terms of the policy.

Other matters of testimony will be stated in a discussion of the errors assigned where necessary.

The application was a part of the contract, and it will be seen that the second paragraph thereof contemplated the giving of notice of premiums coming due. "Shall notices of premiums coming due be addressed to the last named person at place of business as stated?" Answer. "Yes." This appears to have provided for notices of maturing premiums to be mailed to Adam Bird Cowen at San Antonio, Bexar County, Texas. Neither the application nor the policy mentions or refers to the statute of New York, and we are of opinion that its

provisions have no effect upon the case, the application having been made and the policy delivered in Texas.

The mere fact that a notice of premiums coming due, may have been provided for in general terms but without any reference to the law of New York in that connection, directly or indirectly, or in any other portion of the contract, would not be sufficient to incorporate such law into the same as a part thereof.

The case was tried upon the theory that the New York statute controlled, and even upon that theory we regard the judgment as properly instructed, as the only matter of non-compliance with said statute that could be relied on, was that the notice mailed was improperly directed, "Adam B. Cowan" instead of "Adam Bird Cowen." There was nothing in the evidence of there being any other person in San Antonio of that or similar name, and under the conditions disclosed a letter so directed was as calculated to reach the insured in regular course of the postal service as one directed "Adam Bird Cowen."

It appears that defendant was notified to produce the original application. Plaintiff took the deposition of J. K. Lloyd, the soliciting agent, who took and wrote the application for the insurance, which deposition under the second interrogatory among other things, stated the following: "Yes, I wrote the application of Adam Bird Cowen for the life insurance policy issued by the Equitable Life Assurance Society, and I know the general substance of the application. I can fill the application from memoranda which I have. Application as filed by me is a true and correct copy of the original except date and place of birth of the appellant, and is marked Exhibit 'A' and attached to these interrogatories. It is an exact copy of the original as far as I have filled it out. It differs in the place and date of birth which I do not remember."

Under the fourth interrogatory he said: "The applicant, Adam Bird Cowen, gave directions as is shown in the application for notices for premiums becoming due to be directed to 406 East Houston Street, San Antonio, Texas, which was his place of business at that time."

The application thus filled out and attached by the witness to his deposition, was made to read in its second clause as follows: "Full name of the person whose life is to be assured. Adam Bird Cowen. Occupation, state it in detail; if mercantile, state if it involves traveling as buyer or seller. Tailor. Residence, Town San Antonio, County Bexar, State Texas. Place of business, 406 East Houston Street. Shall notices of premiums coming due be addressed to the last named person at place of business as stated? Yes. The 'place of business,' if not specially given, will be assumed to be the same as 'Residence.'"

Lloyd in a subsequent deposition testified that what purported to be the original application for insurance to the Equitable Life Assurance Society and dated San Antonio, Texas, in December, 1891, and signed with the name of Elizabeth Cowen as the person for whose benefit assurance was made, and with the name of Adam Bird Cowen whose life is to be assured, was before him, and "that the blank for said application was filled out in writing and said blank was filled out by me and is the main portion, the written part having been by me written,

and I was the soliciting agent. I recommended the risk and my signature appears in the application and was signed by myself."

Edwin I. Wiley, an officer of defendant (superintendent of appellee's file room), in New York testified by deposition that the instrument he attached to his deposition was the identical application upon which the policy was granted. In the application annexed, as in the one which Lloyd recognized as having been written by him, section 2, stated the place of Cowen's residence as Town, San Antonio, County, Bexar, State, Texas.

In this manner the original of said application was produced and identified at the trial. Plaintiff offered as evidence what Lloyd had stated in his former deposition, as above given, and the court ruled it out upon the objection that the copy was not the best evidence and because Lloyd had admitted in his latter deposition that the answer: "Place of business, 406 East Houston Street," was not a correct copy and because defendant tendered the original of the application attached to the deposition of Edwin I. Wiley.

It appears that in his first deposition, Lloyd did not have any document purporting to be the original before him, and that he annexed as a copy of the instrument which he had written, a blank application which he filled out from memoranda. Afterwards on seeing the original as filled out by him in his own hand writing, and bearing his signature, he explains this and corrects his testimony as to what the application said about the residence of Cowen. In addition to this, the application which Wiley testifies to as being the very application upon which the policy was issued, gave the residence as San Antonio, Bexar County, Texas.

Upon this state of evidence, we think, the court did not err in considering that the application made by Cowen, gave his residence as San Antonio, Bexar County, Texas, and in refusing to allow an issue of fact to be made thereon by Lloyd's previous deposition.

The evidence contained in Lloyd's former deposition would go to show that he had not filled in the application as to Cowen's residence, as it was understood it should be between him and Cowen. The right of plaintiff to have the application reformed so as to express what they intended it should, we need not discuss, as there is nothing in the pleadings in the nature of averment of fraud or mistake to raise such issue. The only matter involved was what the application which was signed and sent in contained on the subject of residence. And we conclude that the evidence clearly showed that it gave Cowen's residence as San Antonio, Bexar County, Texas, without street or number. This disposes of the assignments 1, 2 and 3.

However, as we view the contract, it was not governed by the New York statute, and it really matters not which application is taken as the basis of the contract. In both was a general provision for notice of maturing premiums. We may go further and assume for the purposes of this case, that the society had failed to mail any notice concerning the premiums in question.

The provision for notice did not prescribe what should be the consequences of a failure to give it. It can not be contended that such omis-

sion would have the effect of continuing the policy in force indefinitely, or for another year. It might be held to indicate that the society would not insist on payment of the premium on the day fixed, and the utmost effect to be given it, would be to entitle the insured to a reasonable time thereafter in which to pay it. May on Insurance, sec. 356 A. Certainly after it had been repeatedly demanded of him, as was shown here, and he had died without paying or tendering it, the policy could not be enforced.

The premium was payable on December 28, 1892. Defendant offered to show by a witness that during the latter part of 1892 and early part of 1893, he was working in Cowen's tailor shop during afternoons,— that he was at work there the afternoon before Cowen's death, that for a short time that afternoon Bird was out, and a collector of D. Sullivan & Co., came in and inquired for Cowen and was informed that he was out but would be back soon. The collector said he had called to collect from Cowen the premium on his life policy. He was told that Cowen had the money to pay it, to wait a little while and Cowen would be in, that Cowen had received his expected remittance out of which he could pay the premium. The collector did not wait, but said he would call again. Prior to that the same collector had called on the same business at least three times when I was present. One of these times Cowen told him that he was expecting a remittance from Wanamaker & Brown out of which he would pay the premium and asked him to call again.

This testimony did not tend to prove anything except that the society, through the collector, was endeavoring to collect the premium after December 28. It contained no proof of an extension, and did not show a waiver of the forfeiture of the policy, as the premium was never collected. Cohen v. Insurance Co., 67 Texas, 326.

Plaintiff offered to prove by the testimony of D. Sullivan and Company's collector, Brendel, that the rule of the society in regard to collections was, that if the assured applied for 30 days' extension, it would be granted by the society, but that D. Sullivan & Co. had no right to grant same. The premium receipts were from time to time received by Sullivan & Co. with instructions to present the same for payment, and if not paid, to hold same and present them from time to time until they were recalled by the society. . . . Cowen having failed to make payment at the date of maturity, the said renewal receipt was sent several times by the messenger of D. Sullivan & Co., and presented to said Cowen for payment, but he failed to pay the same. That on or about January 18, a letter was received from the society directing the return of certain renewal receipts, among them this one, and by letter of January 18, 1903, they were returned. The court excluded the testimony on objection that it was immaterial, etc.

The testimony would have shown nothing material to plaintiff's case. There is in this and nowhere else, any evidence that an extension had been applied for or given, or that Sullivan & Co. had power to grant extensions.

The eighth assignment is overruled. It proceeds upon the theory that the notice should have been addressed to Cowen by street and num-

ber. The remaining assignments have been sufficiently disposed of by what we have said herein.

*Affirmed.*

### ON MOTION FOR REHEARING.

We overlooked a part of plaintiffs' pleading. It contained the following: "Plaintiffs say further that the insured fully relied on the said Lloyd, agent of the defendant company, as aforesaid, to fill in said answers as given, and that if he failed to do so and wrote down insured's place of business as 'San Antonio' instead of 406 East Houston Street, San Antonio, Texas, as the applicant requested and directed him to do, then such failure was due to no fault of insured, but is chargeable to the neglect, want of care and inadvertence of the defendant's agent, J. K. Lloyd, and said omission, if any, was unknown to insured until about April 1, 1899, same having been in hands of defendant and was not discovered by plaintiffs until said time. . . .

"And plaintiffs say that if the written application for said policy of insurance, as actually prepared and filled in by said agent Lloyd, does not state the insured's place of business to be at 406 East Houston Street, San Antonio, Texas, and that notices of premiums coming due should be addressed to insured at that address, then they pray that said application be reformed so as to state the facts as alleged above."

In Conn v. Hagan, 93 Texas, 339, it is stated: "The defendant in error claims that Mrs. Conn was guilty of negligence in signing the deed of trust without reading it, and that therefore the court ought not to reform the instrument according to her testimony. If the failure to read the instrument was unexplained and there was no reasonable excuse for it, this proposition would correct." There was no allegation here that Lloyd committed any fraud. There was no allegation explaining Cowen's failure to read and understand the instrument he signed. The evidence is also a blank on these facts. We think an issue was not raised by the pleading or the evidence that would have warranted a reformation of the instrument.

It appears that the application was forwarded from Texas to New York, and that at the same time Cowen gave a sixty-day note for the premium. The application was accepted in New York and the policy sent to Lloyd who delivered it. It does not appear to have been sent to be delivered subject to payment of the premium or the note. Under these circumstances it has been held that the policy was a Texas contract. Life Assurance v. Harris, 94 Texas, 25. However, as explained in the main opinion, we regard the notice of the second premium as sufficiently addressed to answer the requirements of the New York statute.

The motion is overruled.

*Overruled.*

Writ of error refused.