## TEXAS & PACIFIC RAILWAY COMPANY V. THOMAS D. BRICK.

### No. 3360.

1.  **Testimony.**—The plaintiff sued the railway company for damages for personal injuries received while in the employ of the receiver, etc., alleging that he was a minor, etc.   The father as witness having testified that plaintiff at the time of the injury was about 19 years of age, over objection was allowed to testify further that "he looked like he was about 16 years of age."   As the testimony might have been relevant to impose upon the servants of the railway the duty of instructing the plaintiff in the details of his business and its dangers, the admission of the evidence is no ground for reversal.

2.  **Relevant Testimony.**—The minor suing for personal injuries suffered while in employ of the railway was properly permitted to testify "that no one ever explained to him the danger of the employment."   This was a material issue, for had the plaintiff been properly instructed as to such danger and its extent he would have assumed the risk of the employment and could not have recovered.

3.  **Charges — Practice.**—Where the court has sufficiently charged the law applicable to the case as made by the testimony it is not error to refuse further instructions. See example.

4.  **Minor Employe — Duty of Master.** — If a servant be under the age of 21 years and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury.

5.  **Same—Questions for Jury.**—It is the duty of the master to inform a minor employe of the fact when the work is dangerous; also as to the extent of the danger and how to avoid it.   If that be done he assumes the risk.   Whether the minor knew his employment was dangerous and the extent of it, and had discretion enough to understand it before undertaking the employment, are questions of fact for the jury.

6.  **Verdict Not Excessive.** — An employe aged 19 years was injured while in employ as brakeman, under circumstances entitling him to compensation.   One leg had to be amputated below the knee.   The strength and efficiency of his right hand was impaired.   *Held*, that a verdict for $9000 was not excessive.

APPEAL from Tarrant.   Tried below before Hon. N. A. STEDMAN. The opinion states the case.

*Finch & Thompson*, for appellant.—1. The court erred in allowing plaintiff's father to testify over defendant's objection that at the time of the accident plaintiff looked to be a very youngster, and not over 16 years old, judging by appearance.

2.    The court erred in allowing plaintiff to testify, that prior to the time of the accident no one had ever explained to him the danger of his employment, or that the coal chute in question was dangerous to work on.

3.    The court erred in refusing defendant's special charge, to the effect that if plaintiff was of sufficient age and experience to know the dangers of his employment, then the same rule would govern his employment which would apply to an adult. Railway v. Carlton, 60 Texas, 401; Railway v. Jones, 76 Texas, 350; Railway v. Miller, 51 Texas, 270; Watson v. Railway, 58 Texas, 434; Railway v. Lempe, 59 Texas, 19; Railway v. Callbreath, 66 Texas, 526; Rogers v. Railway, 76 Texas, 502.

*T. W. Ball* and *Wynne & McCart*, for appellee, cited Railway v. Johnson, 76 Texas, 421; Railway v. Geiger, 79 Texas, 13; Railway v. Lempe, 59 Texas, 19; Railway v. Jones, 76 Texas, 350; Mayes v. Railway, 63 Iowa, 562; Thorp v. Railway, 89 Mo., 652; Railway v. Lehmberg, 75 Texas, 61.

GAINES, ASSOCIATE JUSTICE.—This case grows out of the same accident as that of this appellant against Thomas Brick, decided in this court on a former day of this term (ante, p. 526). That was the suit of the father to recover for the loss of the son's services; this is the suit of the son himself to recover damages for his personal injuries.

The questions raised upon this appeal in regard to the liability of the appellant for an injury which was inflicted by the servants of John C. Brown, as receiver of its property, are practically the same as in the former case. They were considered in the opinion in that case, and decided adversely to appellant. The grounds of our conclusions need not be here repeated.

The plaintiff at the time of the accident was very nearly 19 years old. He was evidently a bright, intelligent youth, and had been well educated. From April to August of the year preceding the accident he was in the employment of the appellant at Fort Worth as "a clerk or utility man," and his office was within one hundred yards of the coal chute upon which he received his injury. In January, 1888, he entered the service of the receiver as a brakeman in the switch yards in the same city, and while engaged in the discharge of his duties under that employment was injured on the 10th of the next April. He testified, that he was on some coal cars which were being pushed up the incline of the coal chute track for the purpose of coupling to a car which was standing upon the level; that he was upon the front car for the purpose of being present to make the coupling, and that when the car upon which he was riding approached to within a few feet of that which was standing he jumped off, fell, and was thrown under the moving car, and thereby injured. He further testified, that his feet as he jumped

struck upon a piece of coal, which turned with him and caused him to be thrown between the rails, and his foot to be crushed and his arm lacerated.   He also testified, that the track between the rails was not covered, and that but for this he could have saved himself from injury. The track of the coal chute was elevated several feet above the ground, and was constructed on trestle.   The ties or joists consisted of timbers sawed square and placed about one foot apart.

It is complained that the court erred in permitting the plaintiff's father to testify, over the objection of the defendant, to the effect, that at the time of the accident the plaintiff did not look to be over 16 years old.   The witness had already testified, that on the day of the injury the plaintiff lacked twelve days of being 19 years old.   The objection was merely that the testimony was irrelevant.   The statement of facts shows, that the father was the first witness introduced in the case, and whether it was relevant or not depended upon the additional facts which the plaintiff expected to prove.   It was not relevant to show the plaintiff's age, for that had been directly proved; but may have been relevant to show that the agent of the company knew that he was a minor at the time of his employment.   The fact of such knowledge would have affected the question whether or not he ought to have been instructed as to the dangers of the service.   If the subsequent testimony did show that the company's agent knew of his minority, the testimony could not have prejudiced the defendant's case. So, in whatever light we may view it, we think the ruling of the court in that particular is not a ground for the reversal of the judgment.

There was no error in permitting the plaintiff to testify that no one had ever explained to him the danger of his employment.   If the danger which had resulted in his injury had been duly explained to him by the agent of the company he could not have properly recovered a judgment.   The only theory upon which he was entitled to a verdict was, that he had not been warned of the danger, and that the knowledge which he had acquired of such dangers was not such, considering his youth and immaturity of judgment, as would justify a holding that he had assumed the risks of the employment.

The defendant requested the court to give to the jury several special instructions, all of which were refused, and the refusal of each has been specially assigned as error.   Some of them at least were correct as propositions of law and applicable to the testimony in the case.   But whether the court erred or not in refusing them depends upon the question whether they were embraced in substance in the general charge.   The court in its charge instructed the jury, in the first place, to the effect that if the track at the coal chute was unsafe, and that if the plaintiff was injured by its unsafe condition, they should find for him, unless under the instructions thereafter given they should find for the defendant.   The charge then proceeds as follows:   "You are

further instructed, that if you believe from the evidence that the plaintiff knew, or had the same means of knowing as his employer, of the danger to which he would be exposed in performing service at said place, and further believe from the evidence that the plaintiff failed to exercise that degree of care that a man of ordinary prudence would have used under the circumstances to avoid injury from such danger, and that by reason of his omission to observe that measure of caution he was injured, he can not recover; unless, however, you believe from the evidence that at the time plaintiff was hurt he was a youth of immature judgment and inexperience in the business in which he was employed, and that the perils of his undertaking were not communicated or known to him, and that by reason of such immaturity of judgment and inexperience and want of information as to the perils of the employment, he was incapable of understanding the nature and extent of the hazard to which he was subjected; in which event, in order to prevent a recovery by him, you must believe that he failed to exercise that degree of care that persons of his age, undeveloped judgment, and want of information would ordinarily use under such circumstances. From what has been stated, you will perceive that it is not the mere fact of plaintiff's minority at the time he was hurt that would relieve from the care demanded of an adult, but such immaturity of judgment, inexperience, and lack of information as has been defined to you would be necessary to relieve him from that degree of care. You are further instructed, that the fact that plaintiff's father did not consent to his employment by said receiver does not affect this case one way or the other."

Such was the charge as to the issues of fact, upon which the defendant's liability depended.

The special instructions, the refusal of which is complained of in this court, were to the following effect:

"1. That for the purpose of this case the plaintiff should be regarded as sui juris, because under the facts plaintiff was of sufficient years and discretion to contract with defendant and assume the risks incident to his employment.

"2. That if plaintiff was of sufficient age and experience to know the dangers of his employment, then the same rule would govern his employment which would apply to an adult.

"3 and 4. That if plaintiff knew, or by the use of ordinary prudence might have known, that the track in question was not covered between the rails, then he could not recover for such defect, because it was one of the risks incident to his employment.

"6. That if the dangers and defects in the tracks, or the matter of the coal thereon, were patent, open, and visible to one of ordinary prudence, then the plaintiff could not recover, because such dangers were risks incident to his employment.

"7. That plaintiff could not recover if he was himself guilty of contributory negligence, because such was the law in the case, and was not given in the main charge.

"8. That if the plaintiff was injured by reason of the negligence of a fellow servant he could not recover."

Whether the rulings of the court in refusing the special instructions were erroneous or not, depends in part upon the correctness and fullness of the charges which were given, and in part upon the peculiar facts of the case. It is insisted, that on account of the plaintiff being 19 years old, and the evidence as to his intelligence and the duration of his employment in the particular service in which he was injured, the court should have treated the case as if he were sui juris. It has been held, that when a minor attains the age of 14 years he is to be considered, as to the question of his assuming the risks of a dangerous employment, as a person of full age, until the contrary is made to appear by evidence. Nagle v. Railway, 88 Pa. St., 35. But we think the great weight of authority supports a different rule, and that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury. In the first place, it is the duty of the master to inform him not only that the work is dangerous, but also as to the extent of the danger and how to avoid it. If that be done he assumes the risk, and in case he is injured by reason of the risks so assumed he can not recover. So, also, if he knows not only of the danger but also of its extent, and has the capacity to appreciate it, he then assumes the risk, and the master can not be held liable. It is not sufficient that he knows the employment is dangerous, but he must also be aware of the extent of the danger, and have the discretion to understand the risk, before he can be held to have assumed it. These are questions of fact to be determined by the jury. Coombs v. Cordage Co., 102 Mass., 572; Donlin v. Allen, 74 Mo., 1; Hill v. Gust, 55 Ind., 45; Schwander v. Brigs, 33 Hun, 186.

The plaintiff had been in the service of the receiver as a brakeman upon the company's yard for about three months. He admitted that he knew the coal chute was "a little dangerous," but also testified, he did not know the extent of the danger, and he was 19 years of age. There was evidence tending to show that he was guilty of contributory negligence. The questions, then, were: 1. Did he have sufficient experience and discretion to know the extent of the danger and to appreciate the risk he was charged to have assumed? 2. Did his own neglect contribute to the injury? The charge of the court fully presented both questions, and carefully guarded the jury from falling into

the error of giving the plaintiff a judgment merely by reason of his minority.

Recurring, then, to the special instructions which were requested by the defendant, we think that the first was not correct as a proposition of law, and was therefore properly refused; that the second was substantially given in the general charge; that the third, fourth, and sixth were not proper without qualification; and that the issue presented in the seventh was submitted in the general instructions in a form more applicable to the peculiar facts of the case.

There was no evidence tending to show the accident was caused by reason of the failure of any fellow servant of the plaintiff to perform a duty which the master could have devolved upon a servant so as to relieve himself from liability for its nonperformance.    Therefore the court did not err in declining to charge the jury as requested in the eighth special instruction requested by defendant.

It is also complained, in effect, that the court erred in that part of the charge which referred to the plaintiff's immaturity of judgment, inexperience, and want of information, because there was no evidence to show the existence of such facts.  The plaintiff testified, that he was not informed as to the dangers of the business, and it was not disputed that he was a minor.  While it appears that he had served the receiver as brakeman for three months, it was not distinctly shown that he ever served upon the coal chute before the day of the accident.  By reference to the charge as quoted above, it will be seen that the court submitted the question to the jury to determine the existence of these facts, and did not assume them.

It is further insisted, that "the court erred in instructing the jury under the facts of the case that it might devolve upon the defendant or its receiver to communicate to plaintiff the perils of his undertaking, because the evidence disclosed without contradiction that plaintiff knew of all the perils and dangers of his employment, and was of sufficient age and experience to appreciate the same."

The plaintiff being a minor, it was the duty of the receiver, through his agents, to instruct him as to the dangers of the employment.  That was the primary obligation.  But if the plaintiff at the time of his employment knew the nature and extent of the danger and his judgment was sufficiently mature to appreciate the risk, or if subsequently he became aware of the fact and extent of the danger and had the discretion to properly weigh his liability to injury from it, the receiver became absolved from the responsibility arising from the failure to give the instruction.    That he knew that there was some danger is not disputed; but whether, under all the facts, his discretion was sufficiently developed at the time of the injury, considering his knowledge and experience, to appreciate the extent of the risk, was not a question of law, but a question of fact which was properly left to the determination of the

jury. And we may remark just here, that the discretion of a minor does not always keep pace with his intelligence. His intellect may be cultivated and developed, and yet he may be more heedless than one of more tender years. Such is the difference among men, that the same may be said of adults. But as to them we have a legal rule which places them all upon the same plane. As to those under 21 years of age we have no rule of law, and as to them the question of sufficient discretion or not must, with the circumstances of the case, be left to the determination of the jury.

As the result of his injuries, the plaintiff suffered an amputation of his leg above the ankle, and the efficiency and strength of his right arm was probably permanently impaired. Under such circumstances, we can not say that the damages awarded by the jury were excessive.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 4, 1892.