## HILL COUNTY COTTON OIL CO. v.
GATHINGS.

(Court of Civil Appeals of Texas.   Dallas.
Feb. 8, 1913.   On Motion for Rehearing,
·     March 8, 1913.)

1. CONTINUANCE (§ 26*)—GROUNDS—ABSENCE
OF WITNESS.

It was not error to refuse a continuance,
sought by defendant because of the absence of
a witness, where the witness was present in
the town where the court was sitting, and de-
fendant failed to avail himself of the court's
offer to procure the witness if defendant would
tender the witness his fees.

[Ed. Note.—For other cases, see Continu-
ance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. TRIAL (§ 260*) — INSTRUCTION — INSTRUC-
TIONS ALREADY GIVEN.

Where in a parent's action for loss of the
services of her minor son, due to injuries re-
ceived in defendant's employ, the evidence was
conflicting on the issue of her son's immaturity
and lack of experience, and the court instructed
that the burden was on plaintiff to prove her
case by a preponderance of the evidence, and
that the jury should not find for plaintiff, un-
less they believed her son possessed such im-
maturity of judgment and lack of experience
as would relieve him from the consequence
of his negligence, it was not error to refuse an
instruction which specifically placed on plaintiff
the burden of proving this particular issue.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. § 260.*]

3. MASTER AND SERVANT (§ 286*)—INJURY TO
SERVANT—SUBMISSION OF ISSUES — PLEAD-
ING—EVIDENCE.

Where, in a parent's action for loss of the
services of her minor son, due to injuries re-
ceived in defendant's employ, the petition al-
leged that the boy was 15 years old, inexperi-
enced with machinery, and ignorant of the
danger of working about machinery, that this
was known to defendant, and he did not warn
him, and that the injury resulted from the boy's
clothes coming in contact with a grooved re-
volving shaft, which appeared to have a smooth
surface, and the evidence supported these alle-
gations, the court properly submitted to the
jury the issue of his immaturity of judgment.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. ·§§ 1001, 1006, 1008, 1010–
1050; \Dec. Dig. § 286.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. APPEAL AND ERROR (§ 882\*)—INVITED ERROR—SUBMISSION OF ISSUES.**

Where, in an action for damages from injuries to a minor employé, defendant requested an instruction which embodied the question of the injured party's lack of experience and immaturity of judgment, defendant could not complain of the submission of such question to the jury in another instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.\*]

**5. PARENT AND CHILD (§ 7\*)—EMANCIPATION.**

The fact that a widow's son secured employment with defendant while on a visit to his brother, without his mother's knowledge, after she had told him he must go to school or go to work, and that previously she had consented to his taking other employment for wages, which he turned over to her, receiving back only a part, did not emancipate her son so as to deprive her of a right to recover for loss of his services, due to injuries received while in defendant's employ.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.\*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by Mrs. Adella Gathings against the Hill County Cotton Oil Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Morrow & Morrow and Wear & Frazier, all of Hillsboro, for appellant. V. L. Shurtleff and Chas. L. Black, both of Hillsboro, for appellee.

TALBOT, J. The appellee, Mrs. Adella Gathings, instituted this suit against the appellant, Hill County Cotton Oil Company, to recover damages on account of loss of services of her minor son, Bascom Gathings. The petition alleges, in substance, that plaintiff is a widow and the surviving parent of Bascom Gathings; that in November, 1911, her said son, who was then about 15 years of age, was employed by the defendant, without plaintiff's consent to work for it, in one of its seedhouses in the city of Hillsboro; that at the time plaintiff's son was so employed the defendant knew that he was a minor; that in said seedhouse where defendant directed her said son to work was situated and operated dangerous machinery; that said machinery consisted of wheels, belts, pulleys and shaftings operated by steam motive power, and used in conveying seed situated in the said seedhouse into the oilmill of defendant; that at the time plaintiff's son, Bascom Gathings, entered into the service of defendant he was inexperienced in the uses of the machinery situated in defendant's seedhouse and did not know the danger of such machinery; that in said seedhouse there was a path or passway leading from the door of same, between certain machinery, to the place where Bascom Gathings was directed to work; that on one side of this path or passway there was a shaft attached to said machinery jutting out about two feet into said passway; that said shaft and the machinery to which it was attached was propelled by steam and was being revolved at a very rapid rate of speed; that said shaft had on its surface a groove, rendering the surface uneven and more liable to catch and become entangled with objects touching it than if the same had been smooth, when revolving rapidly; that this condition of the shaft was unknown to Bascom Gathings before he was injured, but known to defendant; that under the circumstances and conditions set out plaintiff's son was directed to get a seed fork situated near the door of the seedhouse, with which to move seed in said house; that in order to get the seed fork it was necessary for plaintiff's said son to walk along and over the passway described, and that when he reached a point near to where the shafting was revolving the noise of the machinery attracted his attention and caused him to hesitate and stop within range of the draft and suction created by a revolving wheel attached to said shafting and the same came in contact with the clothes worn by Bascom Gathings and wound him around said shafting, by reason of which he was thrown, dragged, and pulled with great force and violence into and upon said machinery, inflicting upon him serious and permanent injuries. The petition further alleged that the proximate cause of Bascom Gathings' injuries was the negligent acts of the defendant in permitting said shafting to extend and jut out into said passway without having the same boxed, or in some manner protected to prevent clothing of persons passing along said passway from coming in contact with said shafting, and in failing to furnish the said Bascom Gathings a safe place to work, and in failing to warn him of the danger incident to going near said machinery in the condition that it was in, and in failing to apprise the said Bascom Gathings of the condition of said shafting and the disturbance caused by the wheel attached thereto, and the effect of same upon clothing of persons passing near it.

The defendant pleaded a general denial, contributory negligence, assumed risk, and that plaintiff had emancipated her son; that he was in no sense contributing to plaintiff's support, and that plaintiff had, if not directly, indirectly given her consent to his employment; that plaintiff's son appeared to have reached the age of maturity at the time of his employment by defendant; and that by reason of the premises defendant was misled, and plaintiff estopped from claiming any damage on account of the loss of her son's services. A jury trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,000, and the defendant appealed.

[1] The first assignment of error complains of the court's action in overruling defendant's application for a continuance. We

are not prepared to say there was error in this ruling of the court. The bill of exception reserved to the court's action in overruling the application for a continuance shows that when the application was presented one of plaintiff's attorneys left the courtroom, saying he would phone and see if the witness for the want of whose testimony the continuance was asked was in Hillsboro, where the court was sitting, and returned in a few minutes and said the witness was in Hillsboro at Robertson's gin, and the court then stated from the bench that if defendant would tender the witness his fees the court would order an attachment for the witness and get him in court. The bill of exception does not show that the defendant did this, or made any further effort whatever to secure the attendance of the witness. The attendance of the witness could not be compelled without paying or tendering him his fees. He was, it seems, within easy reach of the process of the court, and had his fees been tendered, as suggested by the court, it is reasonable to presume his presence would have been secured at the trial. While the application recites that it is the defendant's first application for a continuance, yet it does not appear from the record when the suit was filed, or whether or not the witness had previously disobeyed the process of the court. Under the circumstances we think the defendant is in no position to ask a reversal of the case because his application for a continuance was not granted.

[2] The second assignment complains of the court's refusal to give the following special charge requested by defendant, viz.: "On the issue of immaturity and lack of judgment submitted to you in the court's main charge, you are instructed that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that Bascom Gathings, by reason of his immature years and lack of experience, was unable to understand the dangers, referred to in subdivision No. 5 of the court's charge, and unless the plaintiff has shown by the preponderance of the evidence that said Bascom Gathings was of such immaturity of judgment and experience, you will determine that issue against the plaintiff." We are of opinion there was no error in refusing this instruction. In the sixth paragraph of the general charge the jury were instructed, in substance, among other things, that if they believed plaintiff's son, Bascom Gathings, failed to exercise that degree of care that a person of ordinary care would have exercised under the same circumstances to avoid injury to himself, and that by reason of his failure to observe that measure of caution, if he did, he was injured, the plaintiff could not recover, unless at the time he was hurt Bascom Gathings was a youth of immature judgment, and was inexperienced about such machinery as that by which he was injured,

and that the dangers of going near or being about such machinery were not communicated or known to him, and that by reason of such immaturity of judgment and inexperience and want of information he was incapable of understanding the nature and extent of the dangers to which he was subjected. The jury were further instructed in the tenth paragraph of the main charge that the burden of proof was on the plaintiff to make out her case by a preponderance of the evidence, and that if she had failed to do so, to return a verdict for the defendant. These instructions were under the facts sufficient. The evidence with reference to the issue of immaturity and lack of experience of Bascom Gathings was conflicting, and it was not essential to the protection of the defendant's rights that the court should, in his instructions to the jury, specifically place the burden of proof on the plaintiff on this particular issue. As said by counsel for appellee, the charge given the jury made it clear to them that, if they found from the evidence that Bascom Gathings' conduct at the time he was injured was not that of a person of ordinary prudence, then they could not find for the plaintiff, unless they should further believe from the evidence that the said Bascom Gathings possessed such immaturity of judgment and lack of experience as would relieve him from the consequences of his negligence. After giving a general charge on the burden of proof it is not error, as we understand the law, for the court to refuse a special charge which singles out one particular element of the plaintiff's cause of action, and instructs the jury that the burden of proof is on the plaintiff to establish such issue. The court's charge will be sufficient, if it is so drawn as to require the jury to find from the evidence that the plaintiff has established each essential element of his cause of action. Such was the effect of the court's charge in this case when taken and construed as a whole, and appellant has sustained no substantial injury, if any at all, by the refusal of the special charge under consideration.

[3] Appellant contends under its third, fourth, and fifth assignments of error that the issue of immaturity of judgment on the part of Bascom Gathings was not raised by the pleadings or the evidence, and therefore the trial court erred in submitting such issue to the jury. In this view we do not concur. Briefly stated, appellee pleaded that Bascom Gathings was 15 years of age at the time he was injured, was a minor of tender years, and inexperienced with machinery; did not know or understand the danger of working around machinery; that this was known to the defendant, and that he did not warn him, and that he was injured by coming in contact with a revolving shaft which appeared to have a smooth surface, and which in fact was rough and contained a

groove at its end with sharp edges, which groove caught his clothes and injured him as alleged in her petition. The evidence showed in substance that Bascom Gathings was 15 or 16 years of age, and had had very little experience with machinery, and was not warned by the defendant of the dangers of his employment; that he was injured in walking through a passway maintained and used in appellant's seedhouse, there being on each side of said passway two shaftings projecting out a foot and a half or two feet and uncovered; that the shafting on which Bascom Gathings was injured contained a key seat and groove at its end, and that this could not be seen when it was revolving.

J. R. Preston, a surveyor who measured the premises, testified, in substance, that, an ordinary man walking along the center of the passway between the shafts, his clothes would be within 12 or 15 inches of the shafts on either side. The evidence also showed that this passway was the only one by which a man on the north side of the building could go to the place where Bascom Gathings started to go to get his seed fork, unless he should go outside of the building and go around it. Ed Woodall, secretary of the defendant company, testified, in substance, that he did not know that there was any reason for that shafting to be so long, that it didn't serve any purpose, unless it was to save buying a new piece, and that the machinery would have operated just as well without the shafting projecting as it did with it projecting.

Bascom Gathings testified: "At the time Mr. Turner employed me and carried me into the seedhouse he did not tell me anything about these shaftings or of any danger at all in connection with the operation of the machinery," that he thought there was a little danger in getting near those revolving shaftings, and that he thought that if he got close to one of them that it was liable to burn him. "I know that a shaft running that way was liable to burn me, but I didn't have any idea of the shaft catching me, and I still don't believe that a shaft that is slick will catch your clothes. I did not know any other danger to it." He further testified that as he was trying to pass through this place, and as he was trying to avoid being caught by one of the shaftings on one of the sides, he got too close to the other side and it caught him.

It was not specifically charged in the petition that Bascom Gathings was of "immature judgment," but such was the effect of the language used. The petition having alleged that he was a minor only 15 years of age, and that he was inexperienced about machinery, and did not understand or know the dangers to be encountered in working with machinery such as he came in contact with when injured, it may be inferred therefrom that his judgment was immature. The evidence shows that he was 15 or 16 years of

age when the accident resulting in his injuries occurred; that he had had but very little experience with machinery, and was not warned by defendant of the dangers incident to his employment. He testified: "I know that a shaft running that way was liable to burn me, but I didn't have any idea of the shaft catching me, and I still don't believe that a shaft that is slick will catch your clothes. I did not know any other danger to it." His inexperience with reference to machinery is very clearly shown by the testimony of the plaintiff, and by that of his brother, Will Gathings.

The material facts are very similar to the facts in the case of Railway Company v. Brick, 83 Tex. 598, 20 S. W. 511. That was an action brought to recover of the railway company damages for personal injuries alleged to have been inflicted upon a minor about 19 years of age. He had been employed by the railway company as a brakeman about three months, and in the opinion of the court it is said he was "evidently a bright, intelligent youth, and had been well educated." There was evidence tending to show that in the discharge of his duties he was guilty of negligence contributing to his injuries. He admitted that he knew the place where he was injured was "a little dangerous," but testified further that "he did not know the extent of the danger." Under these circumstances the Supreme Court held, in effect, that it was proper for the jury to consider whether or not on account of his immature years he was also of immature judgment, and did not understand the extent of the danger to which he was subjected. The court, speaking through Mr. Justice Gaines, said: "The plaintiff being a minor, it was the duty of the receiver, through his agents, to instruct him as to the dangers of the employment. That was the primary obligation. But if the plaintiff at the time of his employment knew the nature and extent of the danger, and his judgment was sufficiently mature to appreciate the risk, or if subsequently he became aware of the fact and extent of the danger and had the discretion to properly weigh his liability to injury from it, the receiver became absolved from the responsibility arising from the failure to give the instruction. That he knew that there was some danger is not disputed; but whether, under all the facts, his discretion was sufficiently developed at the time of the injury, considering his knowledge and experience, to appreciate the extent of the risk, was not a question of law, but a question of fact, which was properly left to the determination of the jury. And we may remark just here that the discretion of a minor does not always keep pace with his intelligence. His intellect may be cultivated and developed, and yet he may be more heedless than one of more tender years. Such is

the difference among men that the same may be said of adults." It was further stated that "the great weight of authority supports the proposition that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury. * * * It is not sufficient that he knows the employment is dangerous, but he must also be aware of the extent of the danger, and have the discretion to understand the risk, before he can be held to have assumed it. These are questions of fact to be determined by the jury." Clearly, under the authority of the case cited, the question of "immaturity of judgment" was in this case and properly submitted to the jury. The paragraph of the court's charge in which the issue is submitted is almost identical with the charge in the case of Railway Company v. Brick, supra, which was declared not to be erroneous by the Supreme Court.

[4] If, however, it can be said the submission of the issue of immaturity of judgment on the part of Bascom Gathings was error, as contended by appellant under the assignment we are considering, then it would seem that appellant contributed to the error, and is in no position to complain of it. In special charge No. 2, given at the instance of appellant, the court instructed the jury, in substance, that if they believed the act of Bascom Gathings in coming in contact with the shaft under the circumstances shown "was such an act as a reasonably prudent person of his age and discretion and experience would not have done, and that such act caused or contributed to his injury," to find for defendant, and by special charge No. 4, given at appellant's request, the jury were instructed, in effect, that if the plaintiff consented for her son to work about defendant's machinery, or consented for her son, Phillip Gathings, to find him such employment, etc., then the plaintiff would be estopped to recover anything in this suit by reason of any lack of experience or immaturity of age of her son. It is well settled by the decisions of this state that an appellant cannot complain of an erroneous instruction where he requested an instruction embodying the same error. If he has requested a charge submitting an issue to the jury, he cannot on appeal claim that the evidence did not warrant the submission of such issue. Railway Co. v. Sein, 89 Tex. 63, 33 S. W. 215, 558; Poindexter v. Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Railway Co. v. Rodriquez, 133 S. W. 690; Railway Co. v. West, 131 S. W. 839; Alamo Oil & Refining Co. v. Curvier, 136 S. W. 1132; Henry et al. v. McCown, 140 S. W. 1170.

[5] Nor do we think the court erred in ignoring the question of the emancipation of plaintiff's son in the main charge, and in refusing to give appellant's special charge No. 6, seeking a submission of that question as an issue of fact for the determination of the jury. In our opinion no such issue was raised by the evidence. The material testimony bearing upon the subject is that of plaintiff. She testified: "When I found that he [Bascom Gathings] wouldn't go to school in Ft. Worth, I don't know that I told him if he wouldn't go to school he would have to work, but he went to work. Of course I couldn't afford to keep him there unless he would go to school, and I told him he must go to school or get to work, and after I told him that, he left home, but he did not go down to Covington to get work. He just went down to make a visit. * * * I knew that Phil [her son] was living here in Hillsboro. I did not look to them [his brothers] when Bascom was with them to look after him and get him employment, because I knew they were all at work and Bascom just went down to visit them, and I just supposed he was coming back, and I looked for him back. I wasn't thinking about the other boys. What they did with reference to seeking employment for him would be satisfactory with me. * * * After he left Ft. Worth he did not return to Ft. Worth until after he was hurt. * * * I had not given my consent for him to work for the Hill County Cotton Oil Company, and did not know anything about his working for them. I was looking for him home every night. * * * At Ft. Worth Bascom worked at the packing house of Swift & Co. * * * Bascom worked in the soap department, just packing soap. I knew he was working there at the time. * * * I gave my consent for him to work there. He was earning $9 per week there. He would bring his money in and hand it over to me, and I would use part of it and part he would use." It is doubtless true that the emancipation by the parent of his or her minor son may be shown by circumstances, but in this case we hold that the circumstances shown and relied on are insufficient to authorize a finding that Bascom Gathings had been emancipated by his mother.

The other assignments need not be discussed in detail. None of them point out reversible error, and will be overruled.

The court's action in refusing the special charges made the basis of some of these assignments was correct, and the questions of negligence on the part of appellant as submitted in the court's charge, and contributory negligence on the part of Bascom Gathings, were issues of fact raised by the pleadings and evidence, and properly submitted to the jury for their determination. And if it should be conceded, which is not done, that

the eighth paragraph of the court's charge on the question of assumed risk and obvious danger is imperfect standing alone, yet when the same is considered in connection with the seventh paragraph of the charge and the charge as a whole, the jury could not have been misled thereby to the prejudice of appellant, and furnishes no sufficient cause for a reversal of the case. The charge, however, on assumed risk states a correct proposition of law, and is not therefore affirmatively erroneous. The evidence, while conflicting in some material respects, was sufficient to authorize and sustain such of the material allegations of plaintiff's petition as were essential to a recovery by her, and in deference to the verdict of the jury we hold that Bascom Gathings was not guilty of contributory negligence, and did not assume the risk of being injured as he was. Therefore, finding no reversible error in the record the judgment of the court below is affirmed.

Affirmed.

### On Motion for a Rehearing.

The criticism of that portion of our original opinion holding, in effect, that the error of the trial court, if error, in submitting the issue of immaturity of judgment on the part of Bascom Gathings was participated in by appellant, and it would not therefore be heard to complain of its submission because of certain special charges requested by appellant and given, is based upon an alleged state of facts not sustained by the record. The record does not show that appellant expressly, and in the usual form, asked the trial court to instruct a verdict in its favor. The only special charge found in the record which approaches such an instruction is as follows: "The evidence in this case fails to show that plaintiff's son, Bascom Gathings, was not capable of understanding, and did not understand, the danger of coming in contact with the shaft on which he was injured." But if this or any other special charge asked by appellant should be treated as a request for an instructed verdict in its favor, still the opinion of this court in the respect referred to is correct. The record does not show that the special charges requested by appellant, submitting or involving the issue of immaturity of judgment on the part of Bascom Gathings, were asked after the court had acted upon and refused the special charge quoted above, or any peremptory charge requested by appellant for a verdict in its favor, nor does it appear that said special charges requested by appellant upon the issue of immaturity of judgment were asked to be given in the event the court refused to give a peremptory instruction in favor of appellant. All of appellant's special charges, apparently, and so far as the record discloses to the contrary, were presented at one and the same time and asked to be given together. In this condition of the record, appellant is in no position to insist that there was no pleading or evidence authorizing the submission of the issue of immaturity of judgment on the part of Bascom Gathings. Alamo Oil & Refining Co. v. Curvier, 136 S. W. 1132; Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 721; Southwestern States Portland Cement Co. v. Young, 140 S. W. 378.

The motion for a rehearing is overruled.