## MEIR v. POPE.   (No. 2636.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 16, 1922.)

I. Appeal and error ⟨key⟩1008(I)—Finding that plaintiff was not contributorily negligent not disturbed unless it appears that he was guilty as matter of law.

The Court of Civil Appeals will not set aside the trial court's conclusion of fact that the plaintiff was not guilty of contributory negligence, unless it appears as matter of law that the plaintiff was guilty of contributory negligence proximately causing or contributing to cause his injury.

2. Appeal and error ⟨key⟩854(2)—Conclusion as to negligence based on erroneous ground not reversible, where judgment could be supported by other negligence warranted by pleading.

In an action for injuries to 13 year old employee, court's conclusion that the employment of the plaintiff was a violation of the child labor law was not ground for reversal, where the judgment could be supported on finding warranted by the pleadings that the employer was negligent in another respect.

3. Master and servant ⟨key⟩218(3)—Risk held not assumed by boy cleaning electric bread mixer.

A 13 year old employee, who was injured while cleaning an electric bread mixer, and who was without experience and discretion to know and understand the extent of the danger of operating the bread mixer while cleaning it, did not assume the risk incident thereto.

4. Master and servant ⟨key⟩152—Duty to instruct minor.

The duty of instructing minor employees is based upon the fact that without instruction

---

they would be exposed to avoidable dangers of which they are presumably ignorant.

**5. Master and servant ⬤⟲286(41)—Negligence in not warning boy cleaning electric bread mixer held for jury.**

In an action for injuries to 13 year old boy whose hand was mangled while cleaning electric bread mixer, *held* that the question whether employer was negligent in not warning him of the danger of operating the mixer while cleaning it, was for the jury.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Action by William Pope, by next friend, against L. G. Meir. Judgment for plaintiff, and defendant appeals. Affirmed

William Pope, 13 years old, had three fingers on the left hand so mangled as to necessitate their amputation. At the time of his injury, on June 4, 1921, he was cleaning an electric bread mixer used in a bakery owned by appellant. The father sues as next friend for the minor for damages sustained by reason of the injury, alleging negligence on the part of the appellant to be in directing William, at his age and inexperience, to clean the electric bread mixer without first instructing him as to the safe way to do the work, and in failing to warn him against the danger of operating the bread mixer while cleaning it.

The defendant filed a general denial, and specially pleaded assumed risk and contributory negligence on the part of the plaintiff.

The court made the following general findings of fact:

"On the 4th day of June, 1921, Eugene Meir, the son of the defendant L. G. Meir, desired to get off in the afternoon to go to a ball game and asked permission of his father to get some help for that day and his father the defendant, gave him the permission to employ some one to help around the bakery that day; and Eugene Meir saw the plaintiff, William Pope, and told him that his father, L. G. Meir, said he could work for him, and the said William Pope, plaintiff, went to the bakery and went to work.

"William Pope had worked around the bakery a short time in the forenoon, and all of the afternoon until he was hurt. L. G. Meir, the defendant, was at the bakery all of the time William Pope was working on the day he was hurt, and had the oversight and direction of the work around there, including the directions of William Pope. A short time before the injury complained of, defendant directed William Pope to clean the bread mixer, a machine that was operated by electricity and used for the purpose of mixing the dough for the purpose of making bread.

"The bread mixer is a large machine and consists of a bowl that is square at the ends, that is, the ends are planes and the sides and bottom are composed of one piece of metal, and it is the form of a cylinder, except that the top is open for the purpose of putting into the bowl flour and other ingredients to make the bread. Running through the middle or center of the cylinder is an axle. At each end of the axle are two arms extending from the axle in opposite direction and revolve within the bowl very close to the heads or ends of the bowl; and on the ends of these arms there are metal pieces that extend from one arm to the other end of the bowl to the other arm and are attached to both arms, and when the arms revolve in the drum or bowl, these metal pieces, called wings, pass so near to the metal sides of the bowl or drum as to very nearly scrape against the walls as they revolve in the bowl.

"While mixing bread, the inside of the bowl and the arms and wings within the bowl get covered with dough and in order to clean the mixer properly and safely, it is necessary to throw the machine out of gear by pulling out the clutch, and opening the electric switch, and when the dough is scraped off of the arms and wing near to the person who is cleaning it, he can take hold of the arms and move them by hand; and it is an easy matter to a man to do it. In order to get to the bowl to scrape it out, the bowl has to be tilted to one side by means of a screw operated by a crank.

"William Pope had not been cautioned or warned by the defendant, nor any one else, prior to nor at the time of being directed to clean the said mixer. He had never worked at that kind of work before, and while he knew how to tilt the bowl and how to put on the electric power and put the machine in operation, and knew how to pull out the clutch and knew that there was some danger in the machine, did not have any experience and was of immature judgment and discretion, and did not know the extent of the danger to which he was exposed when he undertook the work assigned to him by his master, L. G. Meir.

"William Pope, when directed to clean the mixer, tilted the bowl over to one side by means of the screw and crank, and scraped out the bowl as far as he could reach; he then closed the electric switch and by means of the motor revolved the machine until the other arm came over to where he could reach it; and he said he opened the switch and cut off the power, and he saw the machine had come to a stop as he thought, when he started to scraping it, and in doing so placed his left hand on one of the wings, and by some means the machine revolved far enough to catch his fingers on the left hand in the machine between the wing and the side of the bowl and so mangled them that three of the fingers of the left hand had to be amputated.

"William Pope testified that he did not know of any other way to revolve the arms so as to get them to him in order to clean them; and that he had never seen any one clean the bowl and revolve the arms for that purpose. He said he had seen them put the machine in operation for the purpose of mixing bread. He said that no one showed him or told him how to do the work safely, and he undertook to do it the only way he knew."

On these above facts the court made the following specific conclusions of fact: (1)

---

That the failure to instruct the plaintiff as to the safe way to clean, and the failure to warn plaintiff against the danger of injury from operating the bread mixer while cleaning it, was negligence on the part of the defendant, proximately causing the injury; (2) that the employment by the defendant of the plaintiff to labor with the machinery in the baker shop, he being under the age of 15 years, was negligence as being in violation of the child labor law of the state; (3) that the plaintiff was not guilty of contributory negligence, and "he was not guilty of negligence in doing the work, for I find that he exercised the same degree of care that a person of his age and discretion would have exercised under the same circumstances"; and (4) that "he [plaintiff] did not assume the risks of the dangers incident to the work, for he was without experience and discretion sufficient to know and understand the extent of the danger to which he was exposed in the service done, and he had not been warned of the dangers and shown the safe way to do the work."

There being evidence to support the court's findings and conclusions of fact, they are sustained.

Seb F. Caldwell, of Mt. Pleasant, for appellant.

J. A. Ward, of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). It is thought that the court did not err in overruling either the general demurrer or the special exception to the petition, and therefore the first and second assignments of error are overruled.

In the fourth and sixth assignments of error the court's general findings of fact numbered 6 and 7 are assailed upon the ground that the evidence does not support the same. As the statement of facts appears before us, there is evidence authorizing the court to believe and find as stated in the paragraphs mentioned.

[1] The seventh assignment of error challenges the court's conclusion of fact that the plaintiff was not guilty of contributory negligence. There is evidence to support the conclusion made by the court. In order for this court to set aside that conclusion of fact, it would have to appear as a matter of law that the plaintiff was guilty of contributory negligence proximately causing or contributing to cause his injury, and this we do not think can be said from the record before us.

[2] The eighth assignment challenges the court's conclusion that the employment of the plaintiff was in this case a violation of the child labor law of the state, and therefore actionable negligence in this case. The plaintiff did not plead a violation of the law, and did not in his pleading specially seek a recovery on that ground. So, even if the court did conclude that there was negligence in this respect, the finding would not warrant a reversal of the judgment, because the court also found negligence in the other respect that was alleged; and the judgment could be supported, as it here is, alone upon the finding of the particular negligence pleaded.

[3] In view of the court's findings, it could not properly be said, we think, that the plaintiff assumed the risk of injury; and the tenth assignment of error is overruled.

[4, 5] The third and ninth assignments of error present the point that in the full circumstances of this case there is shown no negligence on the part of the appellant. The point is predicated upon the contention that the evidence showed that the minor knew how to tilt the bowl to clean it, how to put on the electric power and operate the machine, and how to stop, or shut off, the electric current; hence there was no duty owing on the part of the appellant to instruct or warn the minor as to the operation of the machine or appliance. The court does find the facts stated, but further finds, as qualifying the findings, that the minor "knew there was some danger in the machine," but "did not have any experience and was of immature judgment and discretion, and did not know the extent of the danger to which he was exposed when he undertook the work assigned to him."

The minor was thirteen years old and had never worked at that kind of work before that one time. The minor testified, and it so appeared, that he "had never seen anybody else clean the mixer." The appellant reasonably knew these facts. In view of all the evidence and the court's findings, it should be said that the minor possessed general knowledge of cleaning the bread mixer and of its operation by electricity, but did not have full appreciation of the dangers to which he would be exposed in cleaning it while in operation, and did not have that amount of experience nor judgment nor discretion from which he could have known of the dangers to which he would be exposed in cleaning it while in operation. The duty of instructing minors is based upon the fact that without instruction they would be exposed to avoidable dangers of which they are presumably ignorant. 3 Labatt's Master & Servant, § 1155; Wood v. Cotton Product Co., 88 S. W. 496; Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511. In the facts this court cannot say, as a matter of law, that there is no negligence, upon the ground that there was no duty to warn or instruct the minor as to avoidable dangers to which he would be, or probably would be, exposed in the work assigned to do.

The judgment is affirmed.