**GALVESTON, H. & S. A. RY. CO. v. HENRY et ux. (No. 8231.)***

(Court of Civil Appeals of Texas. Galveston. March 7, 1923. Rehearing Denied April 12, 1923.)

1. **Witnesses ⊜236(2)—Testimony of plaintiff and son as to latter's having entered army shortly before brother's death held admissible in action for latter's death.**

In an action for the death of plaintiff's minor son, admission of testimony by plaintiff and another son that the latter had entered the army shortly before his brother's death *held* not error; proof of a witness' residence, occupation, etc., being permissible to identify the witness and enable the jury to judge of the weight of his testimony.

2. **Appeal and error ⊜1050(2)—Plaintiff and son's testimony as to latter's entry into army shortly before death of brother, for whose death action was brought, held not reversible error.**

In an action for the death of plaintiff's minor son, admission of testimony by plaintiff and another son that the latter had entered the army shortly before his brother's death *held* not reversible error, if irrelevant; not being such as would probably influence a jury of ordinary intelligence and common honesty to render an improper verdict.

3. **Death ⊜57—Testimony as to party's illness and poverty held inadmissible.**

In an action by parents for the death of their minor son, the testimony that they were poor and in need of deceased's services and

earnings, and that the father had been sick for about two months and was just able to get up at the time of son's death, *held* inadmissible, as immaterial and irrelevant, in the absence of any allegation of special damages because of such illness and poverty, or that defendant had knowledge of the facts.

4. **Appeal and error ⊜1052(5)—Plaintiff's testimony as to poverty and illness held not reversible error in absence of excessive verdict.**

In an action by a husband and wife against a railroad for the death of their minor son, admission of the husband's testimony as to plaintiff's poverty and dependence on deceased's services and earnings and his illness at the time of the son's death, *held* not reversible error, where the damages assessed were not excessive.

5. **Death ⊜67—Admission of testimony as to decedent's earnings not error.**

In an action for the death of plaintiff's minor son, admission of plaintiff's testimony as to decedent's earnings *held* not error.

6. **Appeal and error ⊜1051(2)—Admission of testimony as to facts testified to without objection by another witness not prejudicial error.**

In an action for the death of plaintiff's minor son, where deceased's brother testified as to deceased's earnings without objection, and his testimony was undisputed, admission of plaintiff's testimony as to such earnings was not prejudicial error.

7. **Carriers ⊜315(1)—Testimony as to matter not pleaded, inadmissible.**

In the absence of an allegation that one killed by falling through an open vestibule door of a train on which he was a passenger had had no experience before the accident in riding on trains, testimony to such effect is inadmissible.

8. **Appeal and error ⊜1039(13)—Admission of testimony as to matter not pleaded held not prejudicial error.**

In an action for the death of one falling through an open vestibule door of a train on which he was a passenger, admission of testimony that deceased had had no experience before the accident in riding on trains *held* not reversible error, though not pleaded, being of such nature and weight as would not have probably injuriously affected defendant's rights before the jury.

9. **Carriers ⊜315(1)—Exclusion of testimony as to character of equipment in use on train not error, in absence of allegation of negligence in not using proper equipment.**

In an action for the death of one falling through an open vestibule door of a train on which he was a passenger, where it was not contended by plea or otherwise that defendant was negligent in not using proper equipment, the court did not err in excluding defendant's testimony as to the character of equipment in use on the train.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 23, 1923.

**10. Appeal and error ⬩1057(1)—Exclusion of testimony as to character of equipment in use on train held not error, In view of testimony as to proper equipment.**

In an action for the death of one falling through an open vestibule door óf a train on which he was a passenger, where several witnesses testified without dispute that the train was properly equipped, the court did not err in excluding defendant's testimony as to the character of equipment in use.

**11. Evidence ⬩317(8)—Engineer's testimony as to what conductor, who did not see accident, told him as to how it occurred, held inadmissible as based on hearsay.**

In an action for the death' of one falling through an open vestibule door of a train on which he was a passenger, where the conductor testified that he did not see deceased when he left the train, the engineer's testimony as to what the conductor told him, a few minutes after the accident, as to how it occurred, was properly excluded as based on hearsay.

**12. Appeal and error ⬩204(7), 237(2)—Admission of testimony based on unsupported hypothesis not reversible error in absence of objection at time, request to withdraw, or re-examination of witness.**

In an action for the death of one falling through an open vestibule door of a train moving at from 30 to 35 miles an hour as it hit a curve in the track, admission of testimony by defendant's witness that a man is liable to be thrown through an open trapdoor of a train hitting a curve while going 50 or 60 miles an hour *held* not ground for reversal, as based on a hypothesis not shown by evidence, in the absence of objection at the time, request to withdraw it from the jury, or any request that the witness make his answer applicable to the facts.

**13. Appeal and error ⬩1060(1)—Improper remarks not affecting verdict not ground for reversal.**

Improper remarks of counsel are not ground for reversal, if not such as would have affected the jury's verdict.

**14. Appeal and error ⬩207—No reversal for improper remarks of counsel in absence of request for instructions not to consider them.**

A judgment will not be reversed because of improper remarks by counsel, in the absence of any request for instructions not to consider them.

**15. Evidence ⬩450(1) — Trial ⬩350(3) — Testimony and special question to jury as to railroad employees' construction of rule as to opening vestibule doors on approaching stations properly excluded.**

In an action for the death of one falling through an open vestibule door of a train on which he was a passenger, exclusion of testimony, and refusal to submit questions, as to what construction defendant's employees placed on a written and unambiguous rule as to the opening of vestibule doors as the train approached 'station, *held* proper.

**16. Trial ⬩350(8)—Refusal to submit undisputed questions not error.**

Refusal to submit undisputed questions is not error.

**17. Carriers ⬩348(2)—Instruction defining contributory negligence as applied to 14 year old boy held not error.**

In an action for the death of plaintiff's 14 year old son by falling through an open vestibule door of a train on which he was a passenger, an instruction defining "contributory negligence," as the failure to exercise such care for his own safety as would be used by a boy of the same age, capacity, and experience under the same or similar circumstances, *held* not 'erroneous without proof of his want of discretion; there being no presumption that he possessed sufficient intelligence to have known and appreciated the danger incident to going on the platform and steps while the train was in motion.

**18. Negligence ⬩119(1)—Proof of either of several acts alleged sufficient.**

When several acts of negligence are alleged as the proximate cause of an injury, recovery may be had on proof of either, with further proof that such acts were the proximate cause of the injury.

**19. Appeal and error ⬩1062(2)—Submitting only one of several acts of negligence pleaded held not reversible error in view of jury's findings.**

Where the jury found that leaving the vestibule and trapdoors of a train unguarded and unattended while it was in rapid motion was negligence and the proximate cause of the death of a passenger, submission of the question whether defendant was negligent in opening the doors before the train reached a station, without submitting questions whether the doors were left open, unguarded, and unattended, and whether ᴠthe train was negligently jerked, as alleged by plaintiff, was not reversible error; the findings being sufficient to support the judgment for plaintiffs without proof that the train was negligently jerked.

Error from District Court, Galveston County; .J. C. Canty, Judge.

Suit by J. P. Henry and wife against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and W. T. Armstrong and W. E. Cranford, both of Galveston, for plaintiff in error.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, and Chas. L. Black, of Austin, for defendants in error.

.LANE, J. This suit was brought by J. P. Henry and wife, Lizzie Henry, hereinafter called appellees, against the Galveston, Harrisburg & San Antonio Railway 'Company, hereinafter called appellant, to recover dam-

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ages growing out of the death of their minor son, Vernon Henry, alleged to have been caused by the negligence of appellant, its servants and employees, in opening and leaving open, unguarded, and unattended, the trapdoor and side door of the vestibule of the train on which the deceased was traveling as a passenger, while the same was in rapid motion, through which trapdoor and side door the deceased was thrown or caused to fall by the sudden jerk or jar of the train backward or forward caused by the negligence of appellant, its servants and employees; it being also alleged that said doors were left open in violation of a rule of the appellant which provides that "side doors and trapdoors of vestibules on trains must be kept closed while the train is in motion"; and it being further alleged that all of said negligent acts were the proximate cause of the injuries complained of.

The defendant railway company denied generally and specially pleaded that deceased attempted to alight from defendant's train while the same was in rapid motion, and that this was the proximate cause of his death; that the deceased voluntarily went from the platform of defendant's train while the same was in rapid motion, and if the side door and trapdoor were open he knew or should have known that said doors were open and that in so doing he was guilty of contributory negligence; and that in voluntarily going from the platform of the car while the same was in rapid motion and the said trapdoor and side door were open, which facts he knew or should have known, he assumed the risk incident thereto; that the rule 837 pleaded by defendants in error had not been construed by the employees of defendant operating its train, and was not intended to prevent the opening of sidedoors and trapdoors of vestibules of passenger trains upon the near approach of the station, where passengers were to alight, and that for many years said side doors and trapdoors have been customarily opened so as to have said train ready upon arriving at a station to permit the convenient disembarkation of passengers, and that the said side door and trapdoor, if open, were opened for that purpose upon the approach of the train to Texas City Junction in order to permit passengers for said station to alight at said station.

The cause was submitted to a jury upon special issues, in answer to which the jury found: First, that the defendant was guilty of negligence in opening the vestibule and its trapdoor before its train reached Texas City Junction; second, that such negligence was the proximate cause of the death of Vernon Henry; third, that the defendant did not use proper care to properly guard the open trapdoor over the steps of the vestibule after the same was opened; fourth, that the failure to so guard such open door was negligence and that such negligence was the proximate cause of the death of Vernon Henry; fifth, that Vernon Henry was not guilty of contributory negligence in leaving his seat and going out upon the vestibule while the train was in motion; sixth, by reason of the death of Vernon Henry, J. P. Henry and Lizzie Henry have each sustained damages in the sum of $4,000.

Judgment was duly rendered in accordance with the findings of the jury. From such judgment the defendant has appealed.

[1, 2] Appellant first contends that the court committed reversible error in permitting the plaintiff J. P. Henry and his son James Henry to testify in effect that James Henry had entered the army at Galveston shortly before the death of his brother, Vernon Henry, because the same was immaterial and irrelevant to any issue in the case and was calculated to create sympathy for plaintiffs to the prejudice of the defendant. We overrule this contention. It was not error, we think, to permit the testimony complained of. James Henry was a witness in the case, and it is not unusual that proof of the place of residence, occupation, etc., are permitted to go to the jury for the purpose of identifying the witness and placing before the jury facts from which they may judge of the weight to be given his testimony. While we have no doubt about the testimony being relevant, we would not reverse the judgment because of its admission, had we entertained an opinion to the contrary. Conceding that it was irrelevant, it is not such as would probably influence a jury of ordinary intelligence and common honesty to render an improper verdict.

[3, 4] Appellant's second contention is that reversible error was committed in permitting the plaintiff J. P. Henry to testify that he and his wife were poor people and needed the services and earnings of their deceased minor son, and that at the time of the death of his son, he (J. P. Henry) had been sick in bed for about two months and was at such time just able to get up, in that such testimony was immaterial and irrelevant to any issue in the cause, and was calculated to create sympathy for plaintiffs and thereby prejudice the rights of defendant before the jury. The testimony complained of, we think, was improperly admitted and should have been excluded upon the request of the defendant. It is difficult to conceive upon what theory it was thought such testimony was admissible or how it could have properly affected the issues involved. It may be conceded that plaintiffs were entitled to the value of the services and earnings of their deceased minor son, which they could reasonably have expected from him had he not been killed in the accident. It should also be conceded that if the death of plaintiffs'

son was caused by reason of the negligent acts of defendant, as alleged, plaintiffs were entitled to recover from it such damages as would necessarily result to them by reason of the negligence pleaded. In R. C. L. vol. 8, § 159, it is said that special damages—that is, damages which do not necessarily result from the injury complained of—must be specially pleaded. Many authorities are there cited to sustain the rule announced. Under the rule stated, before plaintiffs could recover special, or enhanced damages because of their illness and poverty, they must not only allege such special damages, but must also allege that defendant had knowledge of the facts upon which the claim for such special damages was based. There were no pleadings to justify the admission of the testimony complained of, and therefore it was improperly admitted. However, we do not think that the testimony complained of was calculated to or that it probably did influence the jury in finding that the acts of defendant in leaving the vestibule door open and unguarded were acts of negligence and the proximate cause of the death of plaintiffs' son. It could, in our opinion, tend only toward influencing the jury to assess the damages suffered by plaintiffs at a larger sum than they would have assessed had such testimony been excluded, and since we have reached the conclusion that the sum assessed is not excessive, we decline to reverse the judgment because of the admission of the testimony complained of.

[5, 6] The complaint of the admission of the testimony of J. P. Henry as to the earnings of his deceased son is, we think, without merit. But if we are mistaken in so concluding, we are of the opinion that the admission of such testimony was not calculated to injure the rights of defendant, in view of the fact that James Henry, brother of deceased, testified to the same facts testified to by J. P. Henry, relative to the earnings of the deceased, without objection and his testimony stands undisputed.

[7, 8] We agree with appellant that in the absence of an allegation that the deceased had no experience, prior to the accident, in riding on trains, testimony to that effect was inadmissible; but we are of the opinion that it was of such nature and weight as would not have probably injuriously affected the rights of appellant before the jury; and being of such opinion, we will not reverse the judgment because of its admission.

[9, 10] There is, we think, no merit in appellant's contention that the court erred in excluding testimony proffered by appellant, relative to the character of equipment in use on the train on which the deceased was riding at the time of the accident: First, because there was no contention by plea, or, otherwise, that appellant was guilty of negligence in not using proper equipment; and,

second, several witnesses were permitted to testify that appellant's train was properly equipped and such testimony stands undisputed.

[11] We do not think there is any merit in the contention of appellant that the court erred in not permitting the engineer on the engine propelling the train in question to testify what the conductor told him in a few minutes after the accident, with reference to how the accident occurred. Other undisputed facts show that the evidence was properly excluded. Indeed, the conductor himself testified in effect that he did not see the deceased at the time he left the train; thus it is shown that the statement of the conductor sought to be proven was hearsay and not admissible.

[12] The undisputed evidence shows that the train in question, as it approached Texas City Junction, was moving at a rate of 30 to 35 miles an hour as it hit a curve in the track. While appellant's witness Shannon was being cross-examined by counsel for appellees, he was asked the following question:

"If a trapdoor was left open and the train hit a curve, going 50 or 60 miles an hour, the train swinging, is a man liable to be thrown through the trapdoor?"

To this question the witness answered, "Yes." No objection was made to the question and answer at the time; but after another question had been propounded and answered, counsel for appellant objected to such former question and answer given thereto, upon the grounds that such question was based upon a hypothesis not shown by any evidence. The admission of the question complained of and the answer thereto is made the grounds of appellant's tenth assignment. There is nothing in the record to show that appellant requested the court to withdraw the objectionable matter from the consideration of the jury, which had been placed before them without objection, and it also appears that no effort was made by counsel for appellant to remedy the supposed injury by asking the witness to make his answer applicable to a train moving 30 to 35 miles an hour. The assignment is overruled.

[13, 14] We think the remarks of counsel for appellee, complained of by the eleventh and twelfth assignments, were improper; but we do not think they were of such nature as would have affected the verdict of the jury, and besides there was no request made for instructions to the jury that such remarks were improper and should not be considered by them. We therefore decline to reverse the judgment because of such remarks.

[15] By the thirteenth and fourteenth assignments appellant insists that the court erred in excluding the proffered testimony

as to what construction its employees placed upon the rule relative to opening of vestibule doors at stations, which was pleaded by the plaintiff. We overrule these assignments. The rule was in writing, its language was unambiguous, and its construction was therefore for the court.

[16] There is no merit in the fifteenth assignment complaining of the action of the trial court in refusing to submit to the jury questions as to how the rule pleaded by the plaintiff was construed by appellant's employees, and as to whether the train in question was to stop at Texas City Junction to let passengers off, and as to whether appellant's employees opened the vestibule to permit passengers to so embark. There was no dispute as to the last two questions, they were not issuable facts, and what we have already said with reference to assignments 13 and 14 disposes of the first.

[17] By the sixteenth assignment it is urged that the court erred in giving the following charge:

"By the term 'contributory negligence' as used in this charge, as applied to the deceased, Vernon Henry, is meant such an act or omission on his part amounting to a want of ordinary care as concurring or co-operating with some negligent act of defendant railroad company, or its employees, is the proximate cause of the injuries complained of.

"Contributory negligence as applied to the minor son of plaintiff means the failure to exercise that degree of care for his own safety as would be used by a boy of the same age, capacity, and experience under the same or similar circumstances."

No complaint is made of the first paragraph, but it is insisted that by paragraph 2 the jury is told that the deceased was not guilty of contributory negligence if his conduct was the same as would have been that of any boy of his age, capacity, and experience, under the same or similar circumstances; that as deceased was 14 years of age, under the law he is presumed to have possessed a sufficient degree of intelligence to have known and appreciated the danger incident to going upon the platform of the car from which he fell and going upon the steps of the same; therefore in the absence of proof of his want of discretion the charge was erroneous and hurtful to appellant.

We cannot agree to appellant's contention. Charges very similar to the one complained of have been frequently approved by our appellate courts. T. & P. Railway Co. v. Brick, 83 Tex. 598;[1] Railway Co. v. Scholz (Tex. Civ. App.) 209 S. W. 224; Dowlen v. Texas Power & Light Company (Tex. Civ. App.) 174 S. W. 674; Railway Co. v. Roberts (Tex. Civ. App.) 201 S. W. 674; Galveston Electric Co. v. Antonini (Tex. Civ. App.) 152 S. W. 841.

In Dowlen v. Texas Power & Light Co., su-

[1] 20 S. W. 511.

pra, the court held that a boy of 13 years of age suing for personal injuries caused by defendant's negligence was not guilty of contributory negligence, if he had exercised the prudence that a child of his age, intelligence, and experience would ordinarily manifest under like circumstances.

In H. & T. C. Railway Co. v. Roberts, supra, this court said:

"We think the trial court made the proper distinction in the tenth paragraph of his charge to the jury, as follows:

"'In passing upon the question of whether or not Benjamin Roberts was guilty of contributory negligence, you are instructed that if you find that he acted with the prudence that a child of his age, intelligence, and experience would use under the same or similar circumstances, then he would not be guilty of contributory negligence.'"

[18, 19] By the seventeenth, eighteenth, and nineteenth assignments it is substantially insisted that the court erred in submitting to the jury the following question:

"Was, or was not, the defendant guilty of negligence in opening the vestibule and its trapdoor before its train reached Texas City Junction?"

In that it is a submission of an issue of negligence in opening the vestibule and trapdoor as the only acts of negligence pleaded, while as a fact the negligence alleged by the plaintiff is that the vestibule and trapdoor were left open and unguarded and unattended, and that coupled with said act the employees of defendant caused said train to jerk suddenly forward and backward, which caused the deceased to fall through the vestibule and trapdoor, and because the undisputed evidence shows that there was no such jerk as alleged.

The contention made by these assignments cannot be sustained. The plaintiff alleged several acts of negligence and that such acts were the proximate cause of the death of the deceased. That when several acts of negligence are alleged as the proximate cause of an injury, a recovery may be had upon proof of either of such acts, with the further proof that such act was the proximate cause of such injury, that two or more of such acts concurring one with the other were the causes which resulted in the injury, is too well settled to require the citation of authorities in support thereof. The jury in the instant case found that leaving the vestibule and trapdoor open while the train was in rapid motion was negligence, and that such negligent act was the proximate cause of the injury complained of. They also found that the defendant left said doors unguarded and unattended, and that such acts constituted negligence which resulted in the death of the deceased. Such findings were sufficient to support the judgment with-

out proving that the train was negligently jerked as alleged by plaintiffs.

By the twentieth to twenty-fourth assignments, inclusive, appellant in effect insists that the findings of the jury and the judgment rendered upon such findings are not supported by evidence. These assignments cannot be sustained. We think such findings and judgment were supported by ample evidence.

By the twenty-fifth and twenty-sixth assignments it is urged that the judgment is excessive. We are not prepared to say that there was not sufficient evidence to support the findings of the jury upon this issue. We therefore overrule said assignments.

Having reached the conclusion that no reversible error was committed in the trial of the cause, the judgment is in all things affirmed.

Affirmed.